STATE OF WEST VIRGINIA

Ronald S.,
Petitioner Below, Petitioner

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  No. 17-1099 (Berkeley County 14-C-655)

Donnie Ames, Superintendent,
Mount Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Ronald S., by counsel Matthew T. Yanni, appeals the Circuit Court of Berkeley County's November 16, 2017, order denying his amended petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, by counsel Benjamin F. Yancey III, filed a response.[2] On appeal, petitioner argues that the circuit court erred in denying his habeas petition without affording him a hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012, petitioner was convicted of two counts of sexual abuse by a parent, guardian, or custodian and one count of third-degree sexual assault. The circuit court sentenced petitioner to consecutive terms of incarceration of not less than ten nor more than twenty years for each of his sexual abuse by a parent, guardian, or custodian convictions and not less than one nor more than five years for his third-degree sexual assault conviction. We affirmed petitioner's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Since the filing of the petition in this case, the superintendent at Mt. Olive Correctional Complex has changed, and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

convictions in *State v.* [*Ronald S.*], No. 12-0955, 2013 WL 3184769 (W.Va. June 24, 2013)(memorandum decision).

Petitioner, pro se, filed a petition for a writ of habeas corpus with the circuit court on September 26, 2014. The circuit court appointed counsel for petitioner, and petitioner, with the assistance of counsel, filed an amended habeas petition on March 1, 2017. In his amended petition, petitioner asserted twenty-eight grounds for relief, one of which was ineffective assistance of counsel due to counsel's alleged failure to communicate a plea offer to him.

Without holding a hearing, the circuit court denied petitioner habeas relief on November 16, 2017. The court concluded that petitioner failed to demonstrate that he would have accepted a plea offer, assuming his trial counsel failed to communicate one in the first instance. In reaching this conclusion, the court considered an exchange that took place during a pretrial hearing, where petitioner confirmed his rejection of a plea offer that postdated the one allegedly not conferred by counsel. At the pretrial hearing, the circuit court inquired of petitioner's then-counsel, Christopher Prezioso, whether a plea agreement had been offered.[3] Mr. Prezioso explained that one had been offered, which petitioner rejected.[4] The court continued, "So there's no plea on the table now?" Mr. Prezioso set forth the terms of the rejected agreement and explained that he "went out there [to the jail], went over it with my client, made sure – I actually came back to make sure. . . . I went out there, handed it to him, came back, reviewed it again. [He] [d]id not want it." The court then inquired of petitioner: "[Y]ou've heard how Mr. Prezioso has explained the plea agreement and that he discussed it with you and that you after discussion with him wanted to reject that; is that correct?" Petitioner responded, "Yes, sir."

Prior to the conclusion of the pretrial hearing, Mr. Prezioso added,

Judge, can I just put on the record if this plea was available today he would still not want it. . . . I explained to [petitioner] that we could further negotiate this plea and even if this was available today, you're telling me you wouldn't want it; correct?

Petitioner confirmed, "Correct." It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the

---

[3]William DeHaven initially represented petitioner, and it is his representation that is the subject of this appeal. Mr. Prezioso represented petitioner after William DeHaven, and the exchange recounted between the court and Mr. Prezioso concerned a plea offer extended to petitioner during Mr. Prezioso's representation.

[4]The proposed agreement had also expired by the time the parties appeared for the pretrial hearing.

final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner contends that the circuit court erred in dismissing his amended habeas petition without holding a hearing, but he only claims error with respect to the denial of his ineffective assistance of counsel claim. In his amended habeas petition, petitioner claimed that the State communicated a plea offer to his original trial counsel, William DeHaven, which Mr. DeHaven failed to communicate to petitioner. Petitioner contends that, without a hearing, he was unable to prove the existence of this offer and that he would have accepted it had he known of it.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Both prongs of this test need not be addressed, however, and a court "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). With respect to uncommunicated plea offers, a petitioner bears the burden of "demonstrat[ing] a reasonable probability [he] would have accepted the earlier plea offer" had it been communicated. *Foster v. Ballard*, No. 14-1023, 2015 WL 6756866, *5 (W.Va. Nov. 4, 2015)(memorandum decision) (citing *Missouri v. Frye*, 566 U.S. 134, 147 (2012)).

We find no error in the circuit court's conclusion that petitioner's ineffective assistance of counsel claim could be determined without holding a hearing. We have previously held that the decision to hold a hearing rests in the "sound discretion" of the circuit court. *Tex S. v. Pszczolkowski*, 236 W.Va. 245, 253, 778 S.E.2d 694, 702 (2015) (citation omitted). Indeed,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973); *see also Gibson v. Dale*, 173 W.Va. 681, 688, 319 S.E.2d 806, 813 (1984) ("In essence, then, the post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing or to compel the

State to produce evidence in its possession in large part to the sound discretion of the court before which the writ is made returnable."). Specifically,

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*Gibson*, 173 W.Va. at 689, 319 S.E.2d at 814.

Given the exchange quoted above, we find that the circuit court's conclusion that petitioner "showed no interest in plea bargaining" is not clearly erroneous, and that petitioner failed to demonstrate a reasonable probability that he would have accepted the allegedly uncommunicated plea offer. Moreover, "[a] circuit court may 'summarily deny unsupported claims that are randomly selected from the list of grounds" identified in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). *Markley v. Coleman*, 215 W.Va. 729, 733, 601 S.E.2d 49, 53 (2004). A habeas petitioner must "state in detail the underlying facts that support the claim" because "without detailed factual support[,]" the appointment of counsel and the holding of a hearing is simply not justified. *Losh*, 166 W.Va. at 771, 277 S.E.2d at 612. Petitioner failed to state how the allegedly uncommunicated plea offer differed from the one he rejected or why he would have accepted the first when he rejected the later offer. For the additional reason that petitioner's claim lacks adequate factual support, we find no error.

For the foregoing reasons, we affirm the circuit court's November 16, 2017, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** January 14, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison